EUGENE E. LEWIS, as EXECUTOR, ETC., OF CHARLOTTE J. LEWIS, DECEASED, RESPONDENT, *v.* ENOS MERRITT, APPELLANT.

*Action for the conversion of personal property — the burden of proving a gift rests upon the party claiming it — when a charge that the defendant must establish the gift beyond a suspicion will be sustained.*

APPEAL from a judgment in favor of the plaintiff entered on a verdict rendered at the Yates Circuit.

This action was brought to recover damages because of the alleged conversion of certain promissory notes, executed by the defendant to the plaintiff's testatrix, who was the sister of the defendant and the mother of the plaintiff.

The defendant, by his answer, admitted the execution and delivery of the notes to the deceased; alleged that before and at the time of her death he was rightfully and lawfully in the possession of the notes, and they were then his property, and denied that they were the property of the deceased at the time of her death.

The action has been tried three times, each trial resulting in a verdict for the plaintiff. The first verdict was set aside and a new trial granted on the ground of newly discovered evidence. The judgment on the second verdict was reversed by the Court of Appeals, for the improper exclusion of evidence. (98 N. Y., 206.)

The court at General Term said: " The notice of the present appeal purports to be from an order denying a motion for new trial, as well as from the judgment, but no such order appears in the case. The only questions to be considered, therefore, are those presented by exceptions.

" The appellant's counsel contends that there is no evidence of a wrongful taking. The statement of the evidence on that point, contained in the opinion of RUGER, Ch. J., on the review of the second trial (98 N. Y., 207, 208), may be adopted as an accurate summary of the evidence given on the last trial, and is substantially as follows:

" The plaintiff, as a witness in his own behalf, testified, in substance, that the notes in suit were, for some time previous to his mother's death, kept in a tin trunk under the bed in the room

occupied by her, and that he saw them there on the morning before she died, and that upon examining the trunk on the following morning he found that the notes had been abstracted. Another witness testified that the notes were afterwards found in the possession of the defendant, who, when they were demanded of him, refused to surrender them. The plaintiff also testified to facts showing the presence of the defendant in the room where the notes were kept during the last hours of his mother's illness, and the opportunity thereby afforded him to obtain unauthorized possession of them. The learned chief judge, speaking for the majority of the court, said that the evidence thus tended both to establish ownership of the notes by the testatrix, by creating a presumption, arising from the fact of possession, and by inference to controvert the probability that the defendant came rightfully into possession of the notes by means of a prior disposition of them by her. As the testimony upon the point is substantially the same now as it was then, the decision of the court of last resort is conclusive upon the question.   \*   \*   \*

"The trial judge charged the jury that the defendant, in order to hold this property by virtue of a gift, must establish it beyond a suspicion. To that instruction the defendant excepted. The charge accords with the rule stated by PECKHAM, J., delivering the opinion of the court, in *Grey* v. *Grey* (47 N. Y., 552). That was an action on a promissory note given by a son to his father, on settlement of accounts, payable one year from date, with interest. The father died about four months after the note was given. The suit was brought by his personal representatives. On the trial the defendant produced the note with his name torn off. He testified that he had it in his possession prior to his father's death; that he never took the note from the drawer of his father, and he did not know of any third person owning or possessing the note; that he never paid it, or transferred or delivered to intestate any property, nor was the intestate indebted to the defendant since giving the note. It appeared that the defendant had means of access to his father's papers. In that case, as in this, it did not appear affirmatively how the defendant became possessed of the note. Judge PECKHAM said: 'If any presumption of title or of payment prevail, by mere possession, it is only where the possession is free from sus

picion.' (P. 555.) And after stating that the law does not presume a gift, he said : ' If this were claimed as a *donatio mortis causa*, then the rule is still more rigid that the clearest proof on the part of the claimant is required. It must be established beyond suspicion.'

" This can hardly be regarded as a mere *dictum*, as suggested by the appellant's counsel. There being no proof of the manner in which the defendant became possessed of the note, it was pertinent to consider the case in all its aspects, and, as the hypothesis of a gift *mortis causa*, was consistent with the evidence, its consideration was not so far foreign to the case, as that what was said respecting it can be regarded as a mere passing remark lacking authority.

" It is contended that the authorities cited by Judge PECKHAM do not sustain him. They are: *Walter* v. *Hodge* (2 Swanst., 97 ; 2 Kent [8th ed.] 444); *Coutant* v. *Schuyler* (1 Paige, 316). The latter case holds that claims of this kind are admitted with great caution, and all agree that the evidence must be satisfactory ; by which is meant, doubtless, that the evidence must be satisfactory, in view of the circumstances of each case. Thus, where there are circumstances attending the alleged gift which reasonably excite suspicion as to whether there was a gift, in fact, the proof must be such as to remove the suspicion. We think the rule laid down by the trial judge was not more stringent than the circumstances disclosed by the evidence warranted.

" Some other exceptions were taken by the defendant's counsel, but they have not been argued, and we do not consider them.

" The judgment should be affirmed."

*D. Morris*, for the appellant.

*Delos A. Bellis* and *Charles S. Baker*, for the respondent.

Opinion by SMITH, P. J.; BARKER and BRADLEY, JJ., concurred; HAIGHT, J., not sitting.

Judgment affirmed.